UNITED MFG. & SERVICE CO. v. HOLWIN CORP.

No. 49 C 1932.

United States District Court
N. D. Illinois, E. D.

Oct. 30, 1952.

Ira Milton Jones, of Milwaukee, Wis. and Frank H. Marks, of Chicago, Ill., for plaintiff.

McKnight & Comstock, of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is a motion by plaintiff for request for admissions in a declaratory judgment action in which the plaintiff is a licensee under the defendant's patent. Defendant has filed objections. Plaintiff then filed motion to compel answers to questions asked upon adverse examination.

In April 1951 the Court of Appeals for the Seventh Circuit, 187 F.2d 902, held that the patent license agreement between the parties is still in full force and effect and that plaintiff is estopped to contest the validity of defendant's patent.

Prior to the decision of the Court of Appeals plaintiff had filed a set of interrogatories relating to the validity of defendant's patent. This Court, held that defendant need not answer plaintiff's interrogatories as they constituted an attack upon the validity of the defendant's patent and therefore were improper in view of the decision of the Court of Appeals holding that plaintiff cannot attack the validity of defendant's patent.

Despite the rulings of both the Court of Appeals and the District Court, plaintiff proceeded to ask defendant's officers exactly the same interrogatories which were previously denied in written form, to which defendant objected.

Plaintiff has now filed a request for admissions which consists of substantially the same questions as the previously written and oral interrogatories. However, they are now in the form of statements. To such request defendant has filed objections on the ground that it constitutes an attack upon the validity of defendant's patent and is substantially identical with the interrogatories previously denied by this Court.

The theory of the plaintiff's case is that there is an existing license agreement between the parties and plaintiff asks this Court to rescind that agreement on the ground that it was procured by fraud. However, plaintiff overlooks the well-established rule of law that alleged fraud in the procurement of a patent cannot be raised as a defense in an action for patent infringement. Only the United States can bring a suit charging that a patent was obtained by fraud. United States v. American Bell Telephone Co., 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450.

Plaintiff is proceeding in violation of the opinion and mandate of the Court of Appeals holding plaintiff to be a licensee under defendant's patent and thus estopped to contest its validity.

Defendant contends that the provisions of Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. should be applied as the plaintiff's motion to compel answers to the questions was made without substantial justification. Rule 37 provides:

"If the motion is denied and if the court finds that the motion was made without substantial justification, the court shall require the examining party or the attorney advising the motion or both of them to pay to the refusing party or witness the amount of the reasonable expenses incurred in opposing the motion, including reasonable attorney's fees."

This is a case in which plaintiff asked on discovery depositions oral interrogatories which this Court had previously denied as written interrogatories. In furtherance of its attempt to attack the validity of defendant's patent, plaintiff has now filed a request for admissions which consists of questions substantially identical with interrogatories previously denied. Plaintiff in its license agreement admitted that defend-

ant was sole and lawful owner of patent. The Court of Appeals has held the license agreement to be in full force and effect and has held that plaintiff is estopped to contest validity of defendant's patent. Plaintiff's request for admissions is in violation and disregard of the rulings of the Court of Appeals. Defendant's objections thereto sustained. Under provisions of Rule 37, defendant to be awarded expenses and attorney's fees as plaintiff's motion was made without substantial justification.

Defendant's objections to request for admissions sustained.

Plaintiff's motion to compel answers denied.

Defendant should be awarded expenses and attorney's fees.